UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SALVATORE CANDELA,

                                                                  **MEMORANDUM & ORDER**

    -against-

                                                                  16 CV 291 (RJD)

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------X
DEARIE, District Judge.

       Before the Court is a motion by Salvatore Candela styled as a petition for habeas corpus under 28 U.S.C.§ 2241.  ECF 4.  Candela first filed the petition in the Southern District of New York on October 14, 2015.  ECF 2.  On January 11, 2016, Judge Andrew Carter ordered the petition transferred to the Eastern District of New York.  ECF 5.  On January 20, 2016, the petition was received in this district, docketed, and assigned to a judge.  ECF 6.  On April 13, 2020, the application was transferred to the undersigned and the next day, an order issued for the government's response, ECF 9, which the Court has received and reviewed.  ECF 10.

       In the petition, Candela advances three grounds for relief.  First, he challenges the stacking of his sentences for three counts of conviction under 18 U.S.C. § 924(c) as contrary to current law; second, he claims that those three convictions are invalid under <u>Johnson v. United States</u>, 576 U.S. 591 (2015), arguing that the underlying predicates no longer qualify as crimes of violence; and third, he claims that he was denied his right to a fair trial because a law student served as a juror.  ECF 2 at 7-8.

       For the reasons to be discussed, the petition is dismissed for lack of jurisdiction.

## BACKGROUND

Candela, along with two codefendants, was charged in a 34-count superseding indictment with robbery, possessing stolen goods, narcotics trafficking, firearms dealing, unlawful firearms possession and using and carrying firearms during crimes of violence. The charges arose out of Candela's participation as a Gambino crime family associate in numerous narcotics-related armed robberies. On August 2, 1996, following a jury trial, Candela was convicted of Counts 1, 4, 6 through 12, 15, 19, and 23 through 35.[1] Of relevance to the claims advanced in the instant application, the counts of conviction include three violations of 18 U.S.C. §924(c)—Counts 7, 11 and 19, the predicate for each of which was a substantive Hobbs Act violation.[2] Candela was sentenced to a total 262 months' imprisonment on his robbery, narcotics, firearms-dealing and stolen-goods charges, and to terms of 5 years, 20 years, and 20 years on his three 924(c) convictions to run consecutively to each other and all other terms, for a total sentence of 66 years and 10 months.

Of relevance to the disposition of the current petition is its place in the sequence of Candela's numerous filings for federal habeas relief. Prior to his filing of the petition now before the Court, Candela appealed his conviction, the Second Circuit affirmed by summary order, United States v. Candela, 208 F.3d 204 (2d Cir. 2000), and Candela then filed his first application for relief under 28 U.S.C. § 2255. 01 CV 1631, ECF 1. This Court denied that

---

[1] Candela was acquitted of Counts 5, 13, 14, 16 through 18, and 20 through 22, and not named in Counts 2 and 3.

[2] Count 7 charged use of a firearm in connection with the Hobbs Act robbery charged in Count 6; Count 11 referenced the robbery charged in Count 10; and Count 19 was predicated on the robbery in Count 15.

2

application on the merits.  Candela v. United States, 01 CV 1631, ECF 13 (Mem. & Order dated Jan. 24, 2005).

While Candela's application for a certificate of appealability for that decision was pending before the Second Circuit, Candela filed an application in this Court styled as a motion under Fed. R. Civ. P. 60(b) for reconsideration of the denial of habeas relief and re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005).  95 CR 438, ECF 235.  As explained in the Memorandum and Order dated May 17, 2006 denying that motion, Candela v. United States, 2006 WL 1367395, at *1 (E.D.N.Y. May 17, 2006), because the COA application was pending before the Circuit, and because of the nature of the claim Candela advanced, this Court treated the Rule 60(b) motion as a second application for §2255 relief and, in the alternative, rejected it on the merits as seeking relief beyond the scope of rule 60(b).  Id. at 2-3 (citing Gonzalez v. Crosby, 545 U.S. 524 (2005) for the proposition that a Rule 60(b) motion seeking relief from a judgment of conviction on the basis of a change in the law constitutes a successive §2255 petition).  A month later, the Second Circuit denied the COA.  Candela v. United States, 01 CV 1631, ECF 21 (2d Cir. Mandate June 16, 2006).

Thereafter, in March 2016, petitioner sought leave from the Second Circuit to file a successive application under § 2255 in which he sought to advance the claim that his § 924(c) convictions should be vacated under Johnson and its progeny.  The Circuit denied leave on the ground that the predicate for each of petitioner's three § 924(c) convictions—substantive Hobbs Act robbery—remains a crime of violence under the relevant jurisprudence.  Candela v. United States, 01 CV 1631, ECF 24 (2d Cir. Mandate June 21, 2016).  Despite the Circuit's denial of leave, nine days later, on June 30, 2016, Candela filed a successive petition with this Court

3

advancing the same Johnson-based challenge to his §924(c) convictions. Candela v. United States, 16 CV 3689, ECF 261. This Court transferred the petition to the Second Circuit. Id. ECF 269.

Undeterred, on July 17, 2016, Candela filed a motion in the Second Circuit seeking to recall the mandate affirming his conviction and the mandate denying his application for leave to file his Johnson-based successive §2255 petition. Candela v. United States. 2d Cir. Dkt. 16-954, ECF 51. On October 12, 2017, the Circuit denied the motion with respect to the appeal of his conviction but stayed the motion to recall the mandate denying the motion to file a successive § 2255 petition until the issuance of final decisions in relevant post-Johnson cases then pending before that court and the Supreme Court. Id., ECF 66. On April 1, 2020, however, the Circuit denied the motion to recall the mandate denying leave to file a successive Johnson-based §2255, specifically rejecting Candela's argument, fashioned to tailor his case to the Johnson jurisprudence, that the trial evidence at most supported convictions for conspiracy to commit Hobbs Act robbery rather than substantive robberies. Id., ECF 89.[3]

**DISCUSSION**

Although Candela's pro se submission "should be read to raise the strongest arguments that [it] suggest[s]," Musa v. United States, __ F.Supp.3d __, 2020 WL 6873506, at *10 (S.D.N.Y. Nov. 23, 2020) (internal citation and quotation omitted), there is no question here that, although styled as a request for relief under § 2241, Candela's petition must be construed as a

---

[3] In addition to the applications for federal habeas relief, Candela also moved in 2007 for a reduction in sentence under 18 U.S.C. § 3582(c) on the basis of amendments 591 and 599 of the Sentencing Guidelines, which the Court denied on March 11, 2008. 95 CR 428, ECF 242, 250.

request for relief under § 2255.

> As the Second Circuit has explained:
>
> Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs. Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the *imposition* of his sentence. . . .
>
> Section 2241 by contrast is the proper means to challenge the *execution* of a sentence. In a §2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 134-35 (2d Cir. 2004) (internal citations and quotations omitted) (emphases added). Because Candela's three grounds attack the validity of his convictions and sentence rather than the mere execution of his sentence, his petition is, in substance, a request for relief under section 2555. And because he has not obtained leave from the Second Circuit to file it, this Court is without jurisdiction to entertain it. See 28 U.S.C. §§ 2255 (h), 2244(b)(3); Gonzalez, 545 U.S. at 530 ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions"); Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005) (a "second or successive" habeas petition "may not be filed in a district court, unless the petitioner first obtains the authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements").

Further, although section 2255(e)'s savings clause authorizes a prisoner to seek federal habeas relief under §2241 if section 2255 relief is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), the Second Circuit's construction of that clause renders it unavailable here.  The Circuit explained that, "because the savings clause articulates a jurisdictional requirement, a court adjudicating a § 2241 petition must confirm that the savings clause can be applied at all before proceeding with a full merits review of the petitioner's claims."  Dhinsa v. Krueger, 917 F.3d 70, 81 (2d Cir. 2019).  Dhinsa recognized that the denial of prior habeas relief and the failure to satisfy the requirement of §2255(h) for a "second or successive motion" are "obstacles" to § 2255 relief but held that they do not trigger the savings clause.  Id. at 80-81.  Rather, "[the Circuit] ha[s] interpreted the savings clause of subsection (e) to authorize a § 2241 petition only when § 2255 is unavailable *and* the petition is filed by an individual who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[ ] of innocence at an earlier time, perhaps due to an intervening change in the governing interpretation of the statute of conviction."  Id. at 81 (emphasis in original) (internal citation and quotation omitted).

Candela makes no such claim of innocence and therefore the Court is without jurisdiction to entertain the petition under Section 2241.  See Adams, 372 F.3d at 136 ("[I]f a prisoner moving under § 2241 cannot make the necessary showing that a § 2255 motion is inadequate or ineffective, the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion.") (internal quotation and citation omitted).

In sum, the Court is without jurisdiction to entertain Candela's current petition for federal

habeas relief either (i) as styled, under Section 2241, because he has failed to satisfy the jurisdictional requirements of Section 2255(e)'s savings clause, or (ii) recast as a § 2255 motion, because it is a successive motion that Candela has not obtained leave to file.

The common practice of transferring a prisoner's misfiled habeas petition to the Circuit is neither necessary nor appropriate here in light of the three claims the petition asserts. The Second Circuit has already denied Candela leave to file a successive §2255 raising the Johnson claim he advances here; Candela previously challenged the empaneling of a law student as juror in his first §2255 motion, which this Court denied; and Candela's challenge to the stacking of his § 924(c) sentences appears in the context of his separate motion for compassionate release now pending before this Court.  95 CR 428, ECF 273 et seq.  Today's decision is without prejudice to the merits of that motion.

## CONCLUSION

For all of the foregoing reasons, Salvatore Candela's petition for federal habeas relief docketed as civil matter 01 CV 16 291, ECF 2, 4 and 6, is dismissed for lack of jurisdiction. Because Candela has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
       February 11, 2021

                                                               /S/ Raymond J. Dearie
                                                               RAYMOND J. DEARIE
                                                               United States District Judge